IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.

CIVIL ACTION NO.: CR212-006

JONATHAN DEREK FOSKEY

## ORDER

Defendant Jonathan Derek Foskey ("Defendant") filed Objections to the Magistrate Judge's Report dated August 30, 2012, which recommended that Defendant's Motion to Suppress be denied. After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Defendant contends that the September 8, 2011, traffic stop was not justified. Specifically, Defendant argues that Officers Dixon and Davis did not have probable cause to believe that a traffic violation had occurred. Defendant states that the government did not establish that Officer Dixon had a clear and unobstructed view of Defendant's alleged seat belt violation and that the testimony of Tracey Giessman, which was that the brake light on Defendant's car was functioning, is more credible than the testimony of Officer Dixon, which was that he saw that the brake light on Defendant's car was not functioning. Defendant is correct that Officer Dixon's testimony shows that he does not precisely recall the order in which he observed the

traffic violations or the exact location along the driven route where he observed each traffic violation. However, there is no error in the conclusion reached by the Magistrate Judge that Officer Dixon saw a non-functioning brake light.

Defendant also contends that the government did not establish that Officer Dixon gained reasonable articulable suspicion of additional criminal activity before the initial purpose of the traffic stop was effectuated. Therefore, Defendant argues, the traffic stop was unreasonably prolonged. Specifically, Defendant argues that Defendant's answer to Officer Dixon's question of whether Defendant had any type of weapon, illegal narcotics, or large sums of money in his car cannot be used to justify the prolonging of the traffic stop because Officer Dixon's question was asked after the purpose of the traffic stop was effectuated. Likewise, Defendant makes the same argument with regard to Officer Dixon noticing the firearm case in Defendant's car. Defendant further argues that the pocket knife on his person could not have provided reasonable articulable suspicion for prolonging the stop because there is nothing illegal about having a pocket knife. Finally, Defendant argues that his nervous mannerisms did not provide the necessary suspicion. Even disregarding Officer Dixon's question about illegal items and Officer Dixon's observation of the firearm case, the government established that Officer Dixon gained reasonable suspicion of additional criminal activity before the purpose of the traffic stop concluded. As the Magistrate Judge stated, reasonable suspicion for prolonging a traffic stop is based upon the totality of the circumstances. (Doc. No. 38, p. 8). Officers Dixon and Davis first saw Defendant when Defendant's car arrived at, and shortly thereafter left, a house under surveillance for dealing in prescription narcotics. When Defendant's car stopped pursuant to the
2

officers' seizure, Defendant made movements inconsistent with motions usually associated with drivers reaching for identification information relevant to a traffic stop. Defendant remained nervous throughout his interaction with Officer Dixon. Defendant had a pocket knife and a prescription bottle on his person. The totality of the circumstances would have allowed Officer Dixon to form a reasonable suspicion that Defendant possessed illegal narcotics.

Defendant further contends that Officer Dixon did not have a reasonable fear that Defendant was armed and dangerous and therefore should not have performed a Terry[1] frisk of Defendant. Defendant correctly points out that Officer Dixon had interacted with Defendant for several minutes and had allowed Defendant to move around his car without concern prior to the frisk. However, Officer Dixon subsequently saw an opaque firearm case in Defendant's car. Because, as Defendant points out, Officer Dixon could not see what was in the case, Officer Dixon's concern that a firearm might be on Defendant's person was reasonable. Defendant also argues that Officer Dixon performed the frisk based on Officer Melendez's instructions and that Officer Melendez had not been on the scene long enough to have developed reasonable suspicion. The Court disagrees with Defendant's characterization that "the order to step out of the car was the same as the order to conduct the frisk." (Doc. No. 40, p. 12). There is no evidence establishing that Officer Melendez instructed Dixon to perform the frisk, and the Court does not interpret Officer Melendez's instruction to Officer Dixon to have Defendant step out of his car as such an instruction.

Defendant next contends that the credible testimony does not establish that Officer Dixon obtained free and voluntary consent to search Defendant's pocket. As the

---

[1] Terry v. Ohio, 392 U.S. 1 (1968).

AO 72A
(Rev. 8/82)

Magistrate Judge determined, the fact that Officer Melendez, who was standing near Officer Dixon and Defendant, did not hear Defendant give consent, does not mandate a finding that consent was not given. Officer Dixon testified that Defendant gave consent for the search of his pocket. There is nothing in the record establishing that this consent was not voluntary.[2]

Finally, Defendant contends that any statements made by Defendant during his interrogation after Officer Melendez's statement that he would not listen to Defendant should be suppressed because those statements were not the product of a voluntary, knowing, and intelligent waiver of his rights. When Defendant attempted to ask Officer Melendez questions, Officer Melendez responded as follows: "No, I'm not going to listen to you. This is the way it goes, alright. Beggars can't be choosers and right now you are not in position."[3] Defendant argues that he was left with the impression that he had no choice but to answer the officers' questions. The Court disagrees. Defendant had been adequately informed of his right to remain silent. Officer Melendez's statements were not contrary to that right.

Defendant stated that he intended to argue that the search of his vehicle was also unlawful, but he did not provide specific objections to that portion of the Magistrate Judge's Report. The Court has conducted a *de novo* review of that section of the Report and agrees with the recommendation therein.

---

[2] Defendant also argues that the search of his pocket cannot be justified by the plain feel doctrine. Because use of the plain feel doctrine was not necessary to justify the search of Defendant's pocket, the Court will not address his objections to this portion of the Magistrate Judge's Report.

[3] See the videotape of the interrogation around the nine (9) minute mark for this statement.

Defendant's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendant's Motion to Suppress is **DENIED**.

**SO ORDERED**, this 21 day of September, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)